UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALTER JAMES,

    Plaintiff,

vs.                                                CASE NO. 3:11-cv-226-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees filed on May 7, 2012 (Doc. #19, Petition). Plaintiff's counsel requests an award of $3,331.25 in attorney's fees and reimbursement of $350 in costs pursuant to the Equal Access to Justice Act (EAJA) (Doc. #19 at 4). Plaintiff avers that Defendant "has no objection to the Court granting this Petition" (Doc. #19 at 2).

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

    1.    The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff in this case, having obtained a sentence four remand/reversal of a denial of benefits,[1] is a "prevailing party" as set forth in *Shalala v.*

---

[1] The Court entered an order of remand pursuant to sentence four of 42 U.S.C. § 405(g) on March 12, 2012 (Doc. #17). Judgment was entered in this case on March 13, 2012 (*see* Doc. #18, Judgment in a Civil Case).

*Schaefer*, 509 U.S. 292, 300-02 (1993). Upon the determination that a plaintiff is a prevailing party, the burden shifts to the Commissioner to show that his position was substantially justified. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). The position of the Commissioner will not be found to have been substantially justified unless the position had a reasonable basis in law and in fact, and "is justified to a degree that would satisfy a reasonable person." *Id*. Here, having consented to the EAJA petition, the government has impliedly admitted that its position was not substantially justified. *See Soto v. Astrue*, No. 09-CV-3238(FB), 2010 WL 2026269 at *1 (E.D.N.Y. May 20, 2010) (finding that the government effectively conceded that its litigation position was not substantially justified since it did not oppose the EAJA fee petition); *Smith v. Sec'y of Health & Human Servs.*, No. CIV-87-1208E, 1990 WL 93974 at *1 (W.D.N.Y. June 28, 1990) (finding that upon a stipulated remand and a stipulation to an award of EAJA fees, the government "impliedly admit[ed]" that its position was not substantially justified); *see also Damian v. Sec'y of Health & Human Servs.*, No. CIV-88-875E, 1991 WL 99065 at *1 (W.D.N.Y. May 27, 1991) (finding same). Therefore, the Commissioner's position here was not substantially justified. The Court also finds that there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. In accordance with the parameters for payment of EAJA fees, Plaintiff states that he "is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act" (Doc. #19 at 2), which the Court accepts as true. *See* 28 U.S.C.

§ 2412(d)(2)(B). Additionally, the Court finds that Plaintiff's Petition was timely filed. *See* 28 U.S.C. § 2412(d)(1)(B).

3. The amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, but such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). "*Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area." *Id*. "The decision as to whether attorney's fees shall exceed the [statutory] cap rests . . . entirely within the Court's discretion." *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel claims that the statutory cap of $125 should be raised to $162.50 per hour for services provided in 2011 and 2012 (Doc. #19 at 2-3, 5). The Court in its discretion has determined that this hourly rate and the resulting fee amount are reasonable

when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[2]

4. The Court's review must consider not only the reasonableness of the requested hourly rate for attorney's fees, but also whether the number of hours claimed for attorney's fees under the EAJA were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Here, Plaintiff seeks compensation for 20.5 hours of legal work reported by Plaintiff's counsel in relation to this federal litigation. This number of hours falls within the range of hours the Court typically sees reported for this type of litigation. Thus, the Court finds counsel's hours were reasonably expended in this case.

Included in those hours, Plaintiff requests two hours of fees for work performed before the complaint was filed in federal court (Doc. #19 at 5).[3] Pre-complaint fees have been recognized as compensable when the hours worked are related to the preparation of the federal case and not related to the underlying administrative proceedings. *Webb v. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234, 243 (1985); *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984). The hours listed by Plaintiff's counsel for work reviewing the administrative file, explaining the federal court appeal process to Plaintiff, and for

---

[2] The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited May 15, 2012). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

[3] The complaint in this case was filed on March 9, 2011 (Doc. #1). The work performed by Plaintiff's counsel prior to March 9, 2011 is thus considered pre-complaint work (Doc. #19 at 5).

preparation of the complaint are therefore found to be reasonable fees. *See also Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011) (granting pre-complaint fees where time was reasonably expended toward litigation in federal case); *Harrison v. Astrue*, No. 3:08-cv-577-J-TEM, 2009 WL 3853184 at *2-3 (M.D. Fla. Nov. 18, 2009) (reducing by half the number of pre-complaint hours claimed by attorney for pre-complaint work, cutting hours spent on discussion of administrative proceedings, and leaving in hours listed for preparation of complaint in federal court).[4]

5. In light of *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010) (establishing that any award of attorney's fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States), this Court will award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fee award. Thus, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt (*see* Doc. #19 at 3-4).

6. Upon due consideration, the Court finds that the stated 20.5 hours were reasonably expended by Plaintiff's attorney in this case. Thus, the Court also finds that $3,331.25 ($162.50 x 20.5 hours) is a reasonable amount for attorney's fees in this case.

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

7. Plaintiff makes a claim for reimbursement of costs incurred in filing the complaint in this action. The Court finds that $350 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a).

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Petition for Attorney's Fees (Doc. #19) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,331.25 for attorney's fees and $350 for costs.

**DONE AND ORDERED** at Jacksonville, Florida this  15th  day of May, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record